IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11059
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS CRUZ LOPEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-258-8-T
- - - - - - - - - -

June 2, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Carlos Cruz Lopez appeals his conviction and sentence after being convicted by a jury of conspiracy to import and to possess with intent to distribute marijuana. Lopez argues that the evidence was insufficient to support his conviction for conspiracy. He contends that there was no evidence that he knew of the conspiracy or knowingly associated himself with the conspiracy. The record was not devoid of evidence that Lopez knew he was transporting marijuana or that Lopez voluntarily participated in

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the conspiracy.  <u>United States v. Inocencio</u>, 40 F.3d 716, 724 (5th Cir. 1994).

Lopez argues that the cumulative effect of the prosecutor's numerous instances of misconduct warrants reversal of his conviction.  Because this issue has been raised for the first time on appeal, it is reviewed for plain error.  <u>United States v. Tomblin</u>, 46 F.3d 1369, 1386 (5th Cir. 1994)(plain error review of prosecutorial misconduct).  All except one of the alleged instances of prosecutorial conduct are meritless when the prosecutor's argument is read in context.  The argument about the prosecutor's appeal to passion and prejudice is not plain error.  <u>United States v. Crooks</u>, 83 F.3d 103, 107 (5th Cir. 1996).

Lopez argues that the district court erred at sentencing by holding him responsible for drug amounts he had allegedly trafficked on previous dates based on the unreliable testimony of a coconspirator.  The district court did not clearly err in finding that Lopez was accountable for over 1,000 kilograms of marijuana. <u>United States v. Mergerson</u>, 4 F.3d 337, 345 (5th Cir. 1993).

AFFIRMED.